427 P.2d 125

**STATE of Arizona, Appellee,**

v.

**Jesse BALLEZ, Appellant.**

No. 1728.

Supreme Court of Arizona.

In Banc.

May 3, 1967.

Darrell F. Smith, Atty. Gen., Anthony H. Mason, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, for appellant.

BERNSTEIN, Chief Justice.

Defendant appeals from convictions rendered in the Superior Court of Maricopa County on one count of robbery in violation of A.R.S. § 13–641 and one count of grand theft from the person in violation of A.R.S. §§ 13–661 and 13–663.

On January 3, 1966 Robert Chestney entered a bar in downtown Phoenix. There he became acquainted with a Floyd Garcia who in turn introduced him to three girls who also were present in the bar. At closing time, Chestney, admittedly quite inebriated, agreed to give the girls and Garcia a ride home in his car. After leaving the bar, they were joined by the present defendant who also entered Chestney's car.

Chestney proceeded to drive about the city, making several stops at private residences at the request of his passengers. While stopped at one point, the defendant, who was occupying the center front seat, suddenly began scuffling with, and hitting Chestney. Thereafter the door next to Chestney was opened and he was thrown out onto the pavement by the defendant. He was then, by the use of threats, compelled to surrender his money to defendant and Garcia. Subsequently he had his watch and ring taken from him, and was beaten again, before the defendant and Garcia reentered Chestney's car and drove away, leaving Chestney lying on the pavement. Soon thereafter Chestney was able to notify the police. Less than an hour later the defendant was arrested within a few blocks of the abandoned car.

An information was subsequently filed in Maricopa County Superior Court charg-

ing defendant in separate counts with robbery, grand theft auto, and grand theft from the person. The jury convicted him of robbery and grand theft from the person and acquitted him of grand theft auto.

 On appeal the defendant contends that his conviction for both robbery and grand theft from the person violates A.R.S. § 13–1641 which provides as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

This statute coming to us from the California Penal Code § 654, contemplates a situation in which a single act violates more than one statute and protects the offender against double punishment in such instances. People v. Clapp, 24 Cal.2d 835, 151 P.2d 237. Citing People v. Chessman, 52 Cal.2d 467, 341 P.2d 679, cert. den. 361 U.S. 925, 80 S.Ct. 296, 4 L.Ed.2d 241, we have held in State v. Boodry, 96 Ariz. 259, 394 P.2d 196 in interpreting the above statute that where a defendant has received two concurrent sentences on two counts in the same trial, based on a single, definite act, the remedy is to retain the convictions and to remove the lesser sentence. Because the court in the present case, apparently conscious of the Boodry decision, sentenced the defendant under the robbery conviction only, with no additional sentence for the grand theft conviction, there would appear to be no "double punishment" within the meaning of the statute as interpreted in Boodry. However, we feel that to prevent any remnant of double punishment it would now be advisable to go one step further and remove the second conviction despite the fact that there had been no sentence rendered thereunder.

In answer to the defendant's other contentions we feel that under the somewhat uncertain circumstances the state was justified in charging the defendant with both robbery and grand theft and that the defendant was not denied a fair trial in this respect. Also, taking the evidence and the inferences therefrom in a light most favorable to the state, State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386; State v. Baker, 100 Ariz. 339, 414 P.2d 153, we find that the defendant's conviction should be affirmed.

The case therefore will be remanded to the trial court for the limited purpose of removing defendant's conviction on the grand theft charge.

Affirmed as modified.

McFARLAND, V. C. J., and STRUCKMEYER, UDALL, and LOCKWOOD, JJ.; concur.