787 P.2d 139

**The STATE of Arizona, Appellee,**

v.

**Rolando GARCIA, Appellant.**

**No. 2 CA–CR 89–0343.**

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 16, 1990.

Redesignated as Opinion Feb. 14, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Crane McClennen, Phoenix, for appellee.

Robert Arentz, Cochise County Public Defender by James L. Conlogue, Bisbee, for appellant.

## OPINION

**PER CURIAM.**

Appellant pled guilty to attempt to control a deadly weapon while in custody. A homemade knife was found in his cell at the Arizona State Prison at Douglas. At sentencing, appellant argued that his sentence for the present offense should run concurrently with the theft sentence. The court, however, found no circumstances to justify anything other than a presumptive term, sentencing appellant to a term of two years' imprisonment, to be served consecutively to the 10-year term he was already serving.

■ Although the argument was not presented to the trial court, appellant now claims that his consecutive sentence, coupled with a Department of Corrections' internal sanction which prohibited him from receiving release credits for 90 days because of the infraction, violated the principles of double punishment. Appellant's claim is that A.R.S. § 13–116, the double punishment statute, prevents the imposition of the consecutive term in his case.

Appellant admits, however, that the statute comes from the California Penal Code, *State v. Ballez*, 102 Ariz. 174, 427 P.2d 125 (1967), and California courts have held that the imposition of prison disciplinary measures do not bar a subsequent criminal prosecution for the same conduct. *People v. O'Daniel*, 194 Cal.App.3d 715, 239 Cal. Rptr. 790 (1987). The effect of the Department of Corrections' action here was to preclude the possibility of appellants' earning of up to 45 days' additional credit against his 10-year sentence. It did not make the original sentence longer, although it did make it more onerous. *Id.* at 721, 239 Cal.Rptr. at 793. That does not result in a violation of the double punishment statute.

■ Appellant's other contention is that the court erred in not considering as a mitigating factor the fact that the Department of Corrections already assessed an additional penalty by taking away his good-time credit. The imposition of a sentence is within the sound discretion of the trial court. *State v. Mincey*, 141 Ariz. 425, 687 P.2d 1180, *cert. denied*, 469 U.S. 1040, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984). We will not interfere with the imposition of a sentence unless it appears that the trial court clearly abused its discretion. *State v. Willcoxson*, 156 Ariz. 343, 751 P.2d 1385 (App. 1987). The record shows that the trial court considered all of the relevant factors relating to sentencing and believed that inmates should be punished for possessing dangerous weapons. The court stated that it found no circumstances to justify a higher or lower term and therefore imposed the presumptive term. The record reflects that the trial court carefully considered all the factors involved in the sentencing, and we cannot say the trial court clearly abused its discretion in imposing the consecutive term.

Our review of the record for fundamental error reveals none. Therefore, the judgment of conviction and the sentence imposed are affirmed.