916 P.2d 1119

**STATE of Arizona, Appellee,**

v.

**John Adams JONES, Appellant.**

**No. 1 CA–CR 94–0134.**

Court of Appeals of Arizona,
Division 1,
Department D.

Nov. 21, 1995.

Review Denied May 21, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, and Jon G. Anderson, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

THOMPSON, Judge.

John A. Jones ("defendant") appeals his convictions and sentences for two counts of kidnapping, one count of aggravated assault, and one count of sexual assault. Because defendant committed only one crime of kid- napping, we vacate one kidnapping conviction and sentence. We affirm the remaining con- victions and sentences.

## FACTUAL BACKGROUND

Defendant was charged in a four count indictment with aggravated assault, a class 3 felony in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") §§ 13–1204(A)(2)(B) and 13– 1203(A)(2), kidnapping, a class 2 felony in violation of A.R.S. § 13–1304, sexual assault, a class 2 felony in violation of A.R.S. § 13– 1406, and kidnapping, a class 2 felony in violation of A.R.S. § 13–1304. All offenses were alleged to be dangerous.

The relevant facts are as follows. On April 22, 1993, the victim ("S.P.") was walk- ing along Montezuma Street in Prescott, Ari- zona, toward home. Defendant saw S.P. as he was driving by in his truck. He stopped and asked her if she wanted a ride. S.P. declined. Defendant then drove forward, parked in front of S.P., and got out of his truck. He walked past S.P, turned around, and abducted S.P. at knife point from behind. He then ordered her into his truck and S.P. complied, fearing for her life. Defendant drove S.P. to his trailer and took her inside, warning S.P. not to do "anything stupid." Once inside, defendant sexually assaulted S.P.

After the assault, defendant bound S.P.'s hands and feet with rope. He told S.P. that he was going to kill her because "she knew too much." He ordered her back into his truck and drove away from the trailer along a road leading to the highway. While on the road, S.P. worked her feet free of the rope. When the truck slowed at the intersection with the highway, S.P. opened the door and jumped out. Her hands still bound, S.P. hit the back of her head on the pavement as she flung herself from the truck. Defendant pro- ceeded onto the highway, heading south- bound and away from Prescott. S.P. went to a pedestrian she had seen nearby and got help. At no time during the entire episode was S.P. free to leave.

After she returned home, S.P. told her boyfriend about the incident and he tele- phoned police. After police responded and

obtained information from S.P., she went to the hospital for an examination.

Acting on S.P.'s information, police drove out to defendant's trailer. While there, police observed an approaching truck that matched the description of defendant's vehicle. The truck slowed down as if to turn into the trailer site, then sped up and continued down the road past the trailer. Police pulled the truck over and questioned the driver, defendant. Defendant initially denied any involvement in the offense. Later, however, he admitted having sexual relations with S.P. but claimed that she had consented. He said that S.P. had accepted his offer of a ride and that after driving to his trailer the two had smoked marijuana and then engaged in consensual sex. Defendant maintained that after they had sex S.P. demanded money; if not paid, she would charge him with rape. Defendant asserted that he tied S.P.'s hands so that he could drive her to the police station and report the extortion. Defendant said that when S.P. jumped out of his truck en route, he panicked and continued driving.

Defendant proceeded to trial with advisory counsel. At the close of the state's case, defendant moved to dismiss one count of kidnapping, claiming the evidence supported only one count. The state argued that there were two separate and distinct "movements" which supported two counts of kidnapping. The state contended that abducting S.P. at knife point and taking her to the trailer constituted one act of kidnapping and that tying up S.P.'s ankles and hands and driving her to the highway constituted a second act of kidnapping. Defendant's motion was denied. At the close of trial, the jury convicted defendant of all counts.

At sentencing, the trial court imposed an aggravated term of ten years on Count I, aggravated assault, and ordered that it run concurrently with an aggravated term of fifteen years on Count II, kidnapping. On Count III, sexual assault, defendant was sentenced to an aggravated term of fifteen years, consecutive to the sentences on Counts I and II. On Count IV, kidnapping, defendant was sentenced to another aggravated term of fifteen years, consecutive to the three other counts. Defendant timely appealed.

On appeal, defendant argues that his actions amounted to only one kidnapping and that one of the kidnapping convictions must be vacated. We agree. Because the victim in this case was restrained continuously from the time she was abducted until her escape, the restraint is punishable only once.

### DISCUSSION

Double jeopardy prohibits multiple punishments for the same offense. *Ohio v. Johnson,* 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). The proper inquiry when a defendant is convicted of multiple violations of the same statutory provision is whether the individual's acts are punishable separately as discrete offenses. *State v. Williams,* 182 Ariz. 548, 898 P.2d 497 (App.1995). This inquiry involves a determination whether the acts constitute one or multiple violations of the single statutorily proscribed offense. *See Albernaz v. United States,* 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981) (whether two offenses are sufficiently distinguishable to permit cumulative punishment depends upon whether each charge requires proof of a fact which the other does not).

Kidnapping is defined as:

... knowingly restraining another person with the intent to:

1. Hold the victim for ransom, as a shield or hostage; or

2. Hold the victim for involuntary servitude; or

3. Inflict death, physical injury or a sexual offense on the victim, or to otherwise aid in the commission of a felony; or

4. Place the victim or a third person in reasonable apprehension of imminent physical injury to the victim or to such third person.

5. Interfere with the performance of governmental or political function.

6. Seize or exercise control over any airplane, train, bus, ship or other vehicle. A.R.S. § 13–1304(A).

█ In the instant case, defendant violated § 13–1304(A)(3) and (4). Consequently, the state contends that the two kidnapping convictions are appropriate because defendant had a separate goal for each kidnapping—the first for the purpose of effectuating a sexual assault and the second for the purpose of injuring or killing the victim. However, Arizona's kidnapping statute has been interpreted as follows:

> This section penalizes kidnapping involving restraint directed at any one of the six enumerated goals. Death or injury is a sufficient but not necessary goal. Kidnapping is **one** crime, regardless of whether it occurs as a result of a knowing restraint with the intent to inflict physical injury or with the intent to interfere with the performance of a governmental function.

Gerber, *Criminal Law of Arizona*, 2d at 1304–3 (1993) (emphasis in original). Moreover, neither movement of the victim nor a differing degree of the victim's restraint by defendant constitutes any additional act of kidnapping. *State v. Ring*, 131 Ariz. 374, 378, 641 P.2d 862, 866 (1982) (no asportation was required for kidnapping, the essence of the crime being the unlawful restriction of the victim's movements against the victim's will).

█ In this case, the crime of kidnapping was complete, with the restraint continuing, at the time the victim was initially compelled into defendant's truck. The continuous confinement of the victim until her escape did not give rise to more than one count of kidnapping. An argument similar to the state's was rejected by an Indiana court. In *Idle v. State*, 587 N.E.2d 712 (Ind.App. 1992), the victim answered her door at defendant's knock. Defendant pointed a gun at the victim and the victim turned and went up to her mother's bedroom. Defendant followed her into the bedroom where he found the victim's sister and mother. Defendant shut the three inside the bedroom, sexually assaulted the victim's mother, and fled. Defendant was later convicted of several offenses, including two counts of criminal con-

finement of the victim. On appeal, the state asserted that the two confinement convictions were warranted because each involved a separate type of confinement. The state explained that defendant had committed kidnapping under both the Indiana criminal confinement statute subsection one (non-consensual restraint of victim in one place) and subsection two (removal of victim from one place to another). The Indiana court recognized that the statute could be violated in more than one way. The court noted, however, that it had "found no case which addresses the propriety of separate convictions under both subsections for activities occurring in a single episode." 587 N.E.2d at 716.

After stating that its confinement statute was similar to most other states' kidnapping or unlawful imprisonment statutes, the court reasoned that, "Because kidnapping—like confinement—involves the element of unlawful detention, it is a continuing crime; that is, it is continuously committed so long as the unlawful detention lasts." *Id.* at 718. Consequently, the court concluded:

> In the instant case, [the victim] was confined by removal, a violation of subsection two, when she was compelled at gun point to move from the front door to S.K.'s bedroom. Her confinement while in S.K.'s bedroom during the sexual assaults was of the kind defined in subsection one—restraint. However, at no time did [the victim] escape from Idle's detention, although his attention was briefly diverted. It cannot be said that there were two distinct periods of confinement. Therefore, [the victim] was the victim of only one continuous episode of confinement, and Idle may not be convicted twice for that single offense.

*Id.*

Other courts addressing this issue have reached similar conclusions. In *State v. Freeney*, 228 Conn. 582, 637 A.2d 1088 (1994), the court held that conviction of defendant on two counts of kidnapping based upon a single continuous episode of restraint violated defendant's double jeopardy rights. The court noted that a second count would have been warranted only if the victim had escaped and then been recaptured by defendant. In reaching this result, the court noted:

Section 53a–92(a)(2)(A) makes it an offense to "[*abduct*] another person and ... (2) ... [to restrain] the person abducted with intent to (A) *inflict physical injury upon him or violate or abuse him sexually*...." (Emphasis added.) Once the victim had been abducted and restrained with the requisite intent, common sense dictates that the defendants could not have abducted her again unless at some point she had become free of his control. "Because kidnapping involves interfering with the victim's liberty, it continues until that liberty is restored." *State v. Gomez*, 225 Conn. 347, 351, 622 A.2d 1014 (1993), citing, *State v. Jefferies*, 304 S.C. 141, 145, 403 S.E.2d 169 (1991), and *State v. Dove*, 52 Wash. App. 81, 88, 757 P.2d 990 (1988). Kidnapping is a continuing crime. *State v. Smith*, 198 Conn. 147, 155, 502 A.2d 874 (1985). *Id.*, 637 A.2d at 1091 (punctuation as in original). *See also State v. Jefferies*, 304 S.C. 141, 403 S.E.2d 169, 172 (1991) (kidnapping is a continuing offense for so long as the victim is deprived of his freedom), *vacated on other grounds*, 503 U.S. 931, 112 S.Ct. 1464, 117 L.Ed.2d 611 (1992); *People v. Phillips*, 186 Ill.App.3d 54, 133 Ill.Dec. 860, 869, 541 N.E.2d 1298, 1307 (1989) (kidnapping is one continuous crime, thus second conviction for kidnapping vacated); *State v. Dove*, 52 Wash. App. 81, 757 P.2d 990 (1988) (kidnapping, because it involves unlawful detention, is a crime committed continuously for so long as the unlawful detention of the victim lasts).

In *People v. Martinez*, 150 Cal.App.3d 579, 198 Cal.Rptr. 565 (1984), *disapproved on other grounds, People v. Hayes*, 52 Cal.3d 577, 276 Cal.Rptr. 874, 802 P.2d 376 (1990), the court considered the question whether, and how, a single confinement could be broken into distinct episodes supporting multiple convictions. In that case, a woman was raped by two men in her bedroom. One assailant left the home and the second left the bedroom. Moments later, police arrived at the home and ordered the second assailant to "freeze," whereupon that assailant called out that he was holding the woman hostage. At that point, the woman ran out of the bedroom and down the hallway past the assailant, who unsuccessfully attempted to grab her. Both assailants were eventually arrested.

The *Martinez* court noted that, so long as the woman felt compelled by fear to remain, the confinement continued. 198 Cal.Rptr. at 580. However, the court concluded that after the assailants had left the bedroom, she was no longer confined. The court stated:

> The situation changed again when the police ordered [the second assailant] to freeze, stopping him in his flight. It was then that he declared the intent to hold [the victim] as a hostage, an intent that was not reasonably manifest before the order to freeze. At that point, in order for [the victim] to be held as a hostage, it was necessary for the defendants to seize or confine her anew.... Had [the second assailant] succeeded in securing [the victim] in the hallway, she would have been seized anew. Had the threat of his presence in the hallway caused her to remain where she was for any appreciable length of time, she would have been confined anew.

*Id.* (footnote omitted).

Here, it is undisputed that the victim was never free from defendant's restraint during the entire episode. Although the offense of kidnapping was complete after defendant compelled the victim at knife point into his truck, the offense continued until the victim escaped.

 As only one of the kidnapping convictions may stand, we must decide which to vacate. Generally, the "lesser" conviction is vacated. *State v. Castro*, 27 Ariz.App. 323, 329, 554 P.2d 919, 925 (1976); *State v. Scarborough*, 110 Ariz. 1, 6, 514 P.2d 997, 1002 (1973), *cert. denied*, 415 U.S. 1000, 94 S.Ct. 1598, 39 L.Ed.2d 892 (1974); *State v. Ballez*, 102 Ariz. 174, 175, 427 P.2d 125, 126 (1967). In *Ballez*, our supreme court noted that where a defendant has been inappropriately convicted and sentenced on two counts based on a single, definite act, the remedy is "to remove the lesser sentence." 102 Ariz. at 175, 427 P.2d at 126. Here, the two kidnapping sentences are identical in the term of years to be served on each, but the Count II kidnapping runs concurrently with Count I and the Count IV kidnapping runs consecutively to Counts I and III. The trial court clearly viewed Count II as the "lesser" of the

kidnapping convictions. The trial court imposed a consecutive aggravated term of years in prison for defendant's conduct as charged in Count IV, the restraint and asportation of the victim from the trailer into the truck and to the highway. This reflects a reasonable judgment that such conduct called for punishment separate from that meted out for the initial aggravated assault and consequent sexual assault. There is nothing infirm in the trial court's determination that defendant should receive additional punishment for binding the victim with rope, forcing her from the trailer into the truck, threatening to kill her, and continuing her confinement until she jumped from a moving truck. Based on these determinations, and consistent with *Ballez,* we vacate Count II, as it carries the "lesser" (that is, concurrent) kidnapping sentence.

### CONCLUSION

The conviction and sentence for kidnapping on Count II are vacated. We have reviewed the entire record for fundamental error and have found none. The convictions and sentences for kidnapping, Count IV, aggravated assault and sexual assault are affirmed.

NOYES, P.J., and VOSS, J., concur.