295 P.3d 455

**STATE of Arizona, Appellee,**

v.

**Carlton Michael BRAIDICK, Appellant.**

**No. 1 CA–CR 12–0106.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 26, 2013.

**358**

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Myles A. Braccio, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Nicole Farnum, Phoenix, Attorney for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Carlton Michael Braidick (defendant) appeals his convictions for two counts of unlawful imprisonment. Because defendant committed only one crime of unlawful imprisonment, we vacate one unlawful imprisonment conviction. We affirm the remaining conviction.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

¶ 2 T.S. (victim) approached defendant in the bathroom and told him she was ending their twelve-year relationship. Defendant "became very emotional and angry" and grabbed victim by the throat. He then grabbed her by both arms and forced her to the bathroom floor. Defendant straddled victim and screamed at her that he did not want her to leave. Victim was scared that defendant would hurt her. Defendant kept

victim pinned to the floor for approximately five minutes. He then picked victim up, put her over his shoulder, and carried her into the bedroom. Defendant ripped victim's clothes off, put her on the bed, and straddled her again. He continued to yell at her while he grabbed her by the hair and hit her head against the bed mattress and told her he wanted her to know what it felt like to be vulnerable. Victim was afraid defendant was going to rape her. She tried unsuccessfully to push him away, but once she stopped "fighting back," defendant calmed down, got off her, and walked away.

¶ 3 The state charged defendant with the following crimes: Count I, kidnapping with the intent to inflict death, physical injury, or a sexual offense, a class 2 felony; Count II, kidnapping with the intent to place victim in reasonable apprehension of imminent physical injury, a class 2 felony; Count III, aggravated assault, a class 6 felony; and Count IV, criminal damage, a class 2 misdemeanor. The state alleged that each offense was an act of domestic violence. The jury acquitted defendant of Counts III and IV, but found him guilty of the lesser-included offense of kidnapping (unlawful imprisonment), as to Counts I and II, both class 1 misdemeanors.

¶ 4 Prior to sentencing, defendant moved to vacate one of the unlawful imprisonment convictions on double jeopardy grounds, arguing that the holding in *State v. Jones*, 185 Ariz. 403, 916 P.2d 1119 (App.1995), should apply to the lesser-included offense of kidnapping because the restraint used here was one continuous act. The court denied the motion, explaining it did not believe it had authority to extend the holding of *Jones* to include a lesser-included offense. Sentence was suspended and defendant was placed on unsupervised probation for one year.

¶ 5 Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) section 12–120.21 (2003).

---

**1.** We view the evidence presented in the light most favorable to sustaining the convictions.

*State v. Cropper*, 205 Ariz. 181, 182, ¶ 2, 68 P.3d 407, 408 (2003).

## DISCUSSION

■ ¶ 6 Defendant asserts that the court erred in not dismissing one of the unlawful imprisonment convictions on grounds that his convictions on Counts I and II were multiplicitous and violated double jeopardy. The state and federal double jeopardy clauses provide that a person may not "be twice put in jeopardy for the same offense." *State v. Eagle*, 196 Ariz. 188, 190, ¶ 5, 994 P.2d 395, 397 (2000). We review claims of double jeopardy de novo. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App.2001).

¶ 7 The state argues at length that our decision in *Jones* was "wrongly decided."[2] We again are not persuaded by the state's arguments. As we stated in *Jones*, the uninterrupted restraint of the victim, even with varying intents, would "not give rise to more than one count of kidnapping" because kidnapping is a "continuing crime." 185 Ariz. at 406, 916 P.2d at 1122. This is consistent with our supreme court's holding in *State v. Herrera*, 176 Ariz. 9, 16, 859 P.2d 119, 126 (1993), that jurors need not unanimously agree on the specific intent the defendant had in committing the offense because "kidnapping is *one* crime, regardless of whether it occurs as a result of a knowing restraint with the intent to inflict physical injury *or* with the intent to interfere with the performance of a governmental function." *See* Rudolf J. Gerber, Criminal Law of Arizona § 1304–3 (2d ed. 1993). The *Herrera* court rejected the defendant's argument that the jury's verdict was not unanimous because the jury could have found he committed kidnapping with two different intents listed in A.R.S. § 13–1304. *Herrera*, 176 Ariz. at 16, 859 P.2d at 126. Again in *Eagle*, our supreme court affirmed this interpretation of our kidnapping statute, stating that the elements of kidnapping "are plainly set forth: a knowing restraint coupled *with one or more* of the specifically listed intentions." 196 Ariz. at 190, ¶ 7, 994 P.2d at 397 (emphasis added).

This court explained in *State v. Stough*, 137 Ariz. 121, 123, 669 P.2d 99, 101 (App.1983), that although the defendant was charged with kidnapping with the intent to aid in the commission of a felony, he could have been convicted of kidnapping with the intent to place the victim in reasonable apprehension of imminent physical injury. We held that the various sections of A.R.S. § 13–1304(A) are not lesser-included offenses or separate offenses, but are various "ways in which a person can be guilty of kidnapping." *Id.*

¶ 8 The state's arguments concerning *State v. Freeney*, 228 Conn. 582, 637 A.2d 1088 (1994), and *People v. Martinez*, 150 Cal. App.3d 579, 198 Cal.Rptr. 565 (1984), are not compelling. In *Jones*, we discussed *Freeney* and its analysis of the Connecticut kidnapping statute. 185 Ariz. at 406–07, 916 P.2d at 1122–23. The *Freeney* court held that conviction of the defendant on two counts of kidnapping based upon continual restraint of the victim violated defendant's double jeopardy rights. 637 A.2d at 1091. We noted the analysis in *Freeney* that "[o]nce the victim had been abducted and restrained with the requisite intent, common sense dictates that the defendant could not have abducted her again unless at some point she had become free of his control." *Jones*, 185 Ariz. at 407, 916 P.2d at 1123 (citing *Freeney*, 637 A.2d at 1091). The state ignores our analysis of *Freeney* and, indeed, the holding of that case, and instead cites one sentence of that opinion in which the court noted the facts of the kidnapping demonstrated one continuous restraint with the requisite intent under Connecticut law.[3] We are unconvinced that the sentence stands for the interpretation proposed by the state that different intents support multiple restraint charges. First, this argument was not discussed by the *Freeney* court, and second, the focus of the court's decision was on the continuous nature of the restraint.

---

2. The state did not argue below that *Jones* was wrongly decided, and we could thus consider the argument waived. *State v. Hunt*, 118 Ariz. 431, 434, 577 P.2d 717, 720 (1978). However, since the state has questioned the vitality of *Jones*, we address the argument.

3. The sentence the state relies on reads as follows: "Because the facts clearly demonstrate that the victim was continually restrained after her abduction and was abducted with only one intent, to violate or abuse her sexually, the defendant committed only one crime of kidnapping." *Freeney*, 637 A.2d at 1091.

¶ 9 The *Martinez* court addressed how a single confinement could be broken into distinct episodes and support multiple convictions. 198 Cal.Rptr. at 580. *Jones* cited *Martinez* to demonstrate how multiple kidnapping charges could arise. 185 Ariz. at 407, 916 P.2d at 1123. As the facts in *Martinez* demonstrated, as long as the restraint continued without the victim being released, there was only one kidnapping. A second kidnapping would occur only if, after the original kidnapping concluded with the victim's release from restraint, the victim was restrained *anew*, with the requisite intent. *Id.* (citing *Martinez*, 198 Cal.Rptr. at 580). The state's argument[4] misinterprets our analysis of *Martinez* as well as the court's decision in that case, and is unhelpful to us here. Moreover, *Herrera* clearly sets forth the standard and we are not empowered to overturn it. *See State v. Long*, 207 Ariz. 140, 145, ¶ 23, 83 P.3d 618, 623 (App.2004) ("This court is bound by decisions of the Arizona Supreme Court and has no authority to overturn or refuse to follow its decisions.").

 ¶ 10 Defendant was convicted of unlawful imprisonment, an offense included in the kidnapping charge. "[A] crime is a lesser[-]included offense if the crime is composed solely of some but not all of the elements of the greater crime so that it is impossible to commit the greater offense without committing the lesser." *State v. Kamai*, 184 Ariz. 620, 622, 911 P.2d 626, 628 (App.1995). We note that "the prohibition against double jeopardy protects against further prosecution for that or any lesser-included offense." *State v. Chabolla–Hinojosa*, 192 Ariz. 360, 362–63, ¶ 10, 965 P.2d 94, 96–97 (App.1998). Consequently, if the facts do not support multiple kidnapping convictions, they will not support multiple unlawful imprisonment convictions. We find our reasoning in *Jones* entirely applicable to the elements of unlawful imprisonment. Kidnapping is the knowing restraint of another person with the intent to hold the victim for various listed purposes. A.R.S. § 13–1304(A) (2010). Unlawful imprisonment, in

contrast, occurs when a person knowingly restrains another person. A.R.S. § 13–1303(A) (2010). In unlawful imprisonment, the intent element of the greater offense of kidnapping is omitted; the focus is solely on the restraint of the victim.

¶ 11 Thus, the question is whether there was uninterrupted restraint of victim. Here, it is undisputed that victim was continuously restrained. The state admits that victim "was never free from [defendant's] control during the entire episode." The defendant restrained the victim in the bathroom and continued to confine her when he carried her into the bedroom. She was never free from defendant's control until he released her in the bedroom.

¶ 12 The state argues that being held in the bathroom and in the bedroom were "two distinct periods of restraint." We disagree. Defendant continuously restricted victim's movements without her consent, without her legal authority, and in a manner which interfered substantially with her liberty, as he moved her from room to room. To conclude otherwise would allow an infinite number of potential charges stemming from kidnapping or unlawful imprisonment in a situation in which the victim is moved about and transported to various locations while restrained without interruption, all in contravention of the supreme court's directive in *Herrera*. Our holding does not eliminate the possibility of multiple kidnapping/unlawful imprisonment charges depending on the facts in a particular case. For example, multiple charges might be authorized when a victim is released, but then restrained again. However, that is not the situation here.

¶ 13 We generally vacate the "lesser" of two convictions when double jeopardy is violated. *State v. Ballez*, 102 Ariz. 174, 175, 427 P.2d 125, 126 (1967). However, because the sentences here were suspended, we cannot view either of the two unlawful imprisonment convictions as "lesser." Accordingly, we va-

4. The state's argument is that the *Martinez* holding is only that kidnapping involves a congruence of restraint and unlawful intent. In *Jones*, we cited *Martinez*, however, for its further discussion of a resumption of restraint after its lapse in a kidnapping context.

cate the conviction imposed on Count II as the second of the two convictions.

## CONCLUSION

¶ 14 The conviction for unlawful imprisonment on Count II is vacated. The remaining conviction for unlawful imprisonment on Count I is affirmed.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and DIANE M. JOHNSEN, Judge.