302 P.3d 683

STATE of Arizona, Appellee,

v.

Berry WILLIAMS, Appellant.

No. 1 CA–CR 11–0813.

Court of Appeals of Arizona, Division 1, Department D.

June 13, 2013.

As Amended June 14, 2013.

Thomas C. Horne, Arizona Attorney General by Joseph T. Maziarz, Chief Counsel, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

Ballecer & Segal, LLP by Natalee E. Segal, Law Offices of Neal W. Bassett By Neal

W. Bassett, Phoenix, Attorneys for Appellant.

## OPINION

BROWN, Judge.

¶ 1 Berry Williams was tried and convicted for several crimes, including first-degree felony murder and second-degree murder. The only issue before us is whether Williams could properly be convicted and sentenced for both murder charges based on the death of one person. Consistent with this court's conclusion in *State v. Canion*, 199 Ariz. 227, 16 P.3d 788 (App.2000), we vacate Williams' conviction and sentence for second-degree murder.

## BACKGROUND

¶ 2 On the night of February 1, 2010, Williams attended a party in west Phoenix where he met C.H. At some point during the evening, C.H. drove Williams to a nearby convenience store. Williams entered the store, stole four cases of beer, and ran back to C.H.'s vehicle. C.H. intended to drive Williams back to the party, but while stopped at a red light, Williams jumped out of the car and moved into the driver's seat. Two police officers in a patrol car on the opposite side of the intersection observed Williams and C.H. change seats. Williams then sped away and the officers followed. After a lengthy pursuit, Williams collided with another vehicle. The driver of the other vehicle died from injuries sustained in the collision.

¶ 3 As pertinent here, the State charged Williams with first-degree felony murder (alleging unlawful flight as the underlying felony), second-degree murder (alleging extreme indifference to human life), and unlawful flight from a law enforcement vehicle in violation of Arizona Revised Statutes ("A.R.S.") sections 13–1105 (2013), –1104 (2013), and 28–622.01 (2013), respectively.[1] At trial, a jury found Williams guilty as charged and the trial court subsequently imposed concurrent sentences of life without eligibility of release for twenty-five years' for felony murder, twenty-two years' imprisonment for second-degree murder, and two years' imprisonment for unlawful flight. Williams timely appealed and we have jurisdiction under A.R.S. § 12–2101(A)(1) (2013).

## DISCUSSION

¶ 4 Williams does not dispute that the State could properly charge him with committing the crime of murder based on more than one theory. *See State v. Gerlaugh*, 134 Ariz. 164, 168, 654 P.2d 800, 804 (1982) ("[I]n Arizona, first-degree murder is only one crime whether it is premeditated murder or a felony murder."); *State v. Tsosie*, 171 Ariz. 683, 685, 832 P.2d 700, 702 (App.1992) ("It is within the sound discretion of the prosecutor to determine whether to file criminal charges and which charges to file."). Instead, Williams contends the trial court should have vacated his second-degree murder conviction based on *Canion*. Because he failed to raise this argument in the trial court, however, our review is limited to determining whether fundamental error occurred.[2] *See State v. Trujillo*, 227 Ariz. 314, 321, ¶ 32, 257 P.3d 1194, 1201 (App.2011). "To prevail under this standard of review, [Williams] must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005).

¶ 5 In *Canion*, the defendant was charged with first-degree felony murder and first-degree premeditated murder. 199 Ariz. at 229, ¶ 5, 16 P.3d at 790. A jury convicted him of felony murder and second-degree murder as a lesser-included offense of premeditated murder. *Id.* at 229–30, ¶¶ 6–7, 16 P.3d at 790–91. The trial court determined that the convictions "merged" and therefore sentenced the defendant only on the greater offense, felony murder. *Id.* at 230, ¶ 8, 16 P.3d at 791. On appeal, we construed one of the defendant's arguments as asserting it

---

1. Absent material revisions after the relevant date, we cite a statute's current version.

2. At sentencing, defense counsel asked the court to sentence Williams only on the second-degree murder conviction because there was one victim. We do not view that request as preserving for appeal the issue before us.

was "improper to allow the jury to render guilty verdicts on both felony murder and second-degree murder of the same victim, and that such verdicts require a retrial." *Id.* at 231, ¶ 15, 16 P.3d at 792. We found that a retrial was not necessary, explaining that the jury's verdicts for felony murder and second-degree murder were not inconsistent because the State had proven the elements of both crimes. *Id.* at 232, ¶ 20, 16 P.3d at 793. We also explained, however, that the result of the crimes was the death of one person for "which the trial court refused, and prudently so, to impose multiple sentences." *Id.* We then concluded that "[b]ecause the better procedure would have been to simply vacate the second-degree murder conviction, as opposed to 'merging' the two convictions, we vacate[d] [the defendant's] second-degree murder conviction." *Id.* Applying similar reasoning here, we conclude that Williams' conviction and sentence for second-degree murder must be vacated.[3]

¶ 6 The State discounts the applicability of *Canion* because in that case the defendant was charged with felony murder and premeditated murder. We acknowledge procedural differences between this case and *Canion;* however, the importance is the similarity of the shared question—whether a trial court should vacate a lesser murder conviction when there is only one victim. And on that question, *Canion* directed the trial court to vacate the lesser conviction of second-degree murder even though the court did not impose a separate sentence on that conviction. In this case, Williams was convicted and sentenced for both felony and second-degree murder for the same death. The State does not contend that *Canion* was wrongly decided and we decline to depart from its reasoning here. *See State v. Hickman,* 205 Ariz. 192, 200, ¶ 37, 68 P.3d 418, 426 (2003) ("Respect for precedent demands 'that we not lightly overrule precedent and we do so only for compelling reasons.' ").

¶ 7 As Williams asserts, this court's decision in *Canion* is consistent with the majority

of jurisdictions that have addressed the propriety of multiple murder convictions for a single homicide. *See, e.g., Ervin v. State,* 991 S.W.2d 804, 807 (Tex.Crim.App.1999) (finding that "a decisive majority of jurisdictions that have addressed the issue have held that a trial court cannot impose multiple convictions and sentences for variations of murder when only one person was killed."); *Gray v. State,* 463 P.2d 897, 911–12 (Alaska 1970) (recognizing it would be a "strange system of justice that would allow each appellant to be sentenced to two life sentences for the killing of one person."); *Martinez Chavez v. State,* 534 N.E.2d 731, 739 (Ind.1989) (making a *sua sponte* determination to vacate one of two murder convictions because only one death occurred and thus the defendant could not be sentenced on both convictions).

¶ 8 The State also asserts that because felony murder and second-degree murder have different statutory elements and A.R.S. § 13–116 (2013) allows for concurrent sentences for conduct "punishable in different ways by different sections of the laws," it was permissible for the trial court to convict and sentence Williams for both crimes. The State does not provide, however, any authority suggesting the Arizona Legislature intended that a defendant convicted of multiple homicide offenses for the death of one victim is to be punished for each charged offense. *See Ball v. United States,* 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) (concluding that where Congress did not intend punishment under two statutes, "the only remedy consistent with congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions"); *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (stating that "[l]egislatures, not courts, prescribe the scope of punishments").

¶ 9 Finally, we reject the State's argument that even if the court erred in convicting and sentencing Williams for second-degree mur-

---

3. This error could have been avoided if the jury had been instructed that it should only consider the offense of second-degree murder if it was unable to unanimously agree that Williams committed felony murder. *See Canion,* 199 Ariz. at

233, ¶ 22, 16 P.3d at 794 ("Properly instructed, the jury would have been required to consider both theories of first-degree murder before moving on to consider the lesser-included offenses on the premeditated murder count.").

der, he cannot demonstrate prejudice because the sentences were imposed concurrently. *See Ball*, 470 U.S. at 864, 105 S.Ct. 1668 (concluding that a second conviction, even if it results in no greater sentence, "has potential adverse collateral consequences that may not be ignored" and constitutes an "impermissible punishment.").

¶ 10 Unlike our colleague in the special concurrence, we do not address whether Williams' conviction and sentence for second-degree murder violates the Double Jeopardy Clause. Considering that Williams' argument on appeal clearly focuses on *Canion*, and given the current statutory framework in Arizona, we do not find it necessary to engage in a complex double jeopardy analysis to reach the conclusion that the crime of murder of a single victim necessarily results in one conviction and one sentence.

### CONCLUSION

¶ 11 It is undisputed that Williams was sentenced and convicted of both first-degree felony murder and second-degree murder based on a single death. Accordingly, we vacate his conviction and sentence for second-degree murder. All other convictions and sentences are affirmed.

CONCURRING: ANDREW W. GOULD, Judge.

KESSLER, Judge, specially concurring.

¶ 12 I concur with the majority based on its discussion of *Canion* that Williams may not be convicted and sentenced under multiple theories of murder when there is only one victim. However, given that Williams has cited to decisions in other jurisdictions analyzing this issue under the Double Jeopardy Clause and the State has briefed that issue, I would join the majority of jurisdictions and hold that multiple murder convictions of one defendant for the killing of one victim violates the Double Jeopardy Clause.[4] I reach that conclusion because first-degree and lesser degree homicides are different theories of the same crime of murder requiring the verdict on the lesser degree crime to be vacated once the jury convicts the defendant of first-degree murder.

¶ 13 Williams contends that as there was only one victim, double jeopardy permitted only a conviction on one theory of homicide and the State should have only been permitted to convict him of one murder, requiring the court to vacate the second-degree murder conviction at sentencing. The State argues that any double jeopardy claim has to be reviewed under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and because first-degree felony murder and second-degree murder involve different elements, the death of one person can result in convictions of both charges without violating double jeopardy prohibitions.

¶ 14 The standard of review for multiplicity and double jeopardy is *de novo*, *State v. Powers*, 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App.2000), and "a violation of double jeopardy is fundamental error." *State v. Siddle*, 202 Ariz. 512, 515 n. 2, ¶ 7, 47 P.3d 1150, 1153 n. 2 (App.2002). While Williams did not ask the superior court to vacate his conviction for second-degree murder once the jury convicted him of felony murder, any such error is fundamental, requiring vacation of the lesser conviction.[5] *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607; *Canion*, 199 Ariz. at 230, ¶ 10, 16 P.3d at 791 ("An illegal sentence can be reversed on appeal despite the lack of an objection."); *State v. Millanes*, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App.1994) (holding that "the prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it in the trial court").

---

4. The Fifth Amendment states, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Article 2, Section 10, of the Arizona Constitution also prohibits double jeopardy. We identically construe the two double jeopardy clauses. *State v. Eagle*, 196 Ariz. 188, 190, ¶ 5, 994 P.2d 395, 397 (2000).

5. Williams did argue below that the court should not sentence him on the felony murder count because there was only one victim. We need not decide whether this preserved the issue of double jeopardy because if the two convictions violated the prohibition of double jeopardy, any such error is fundamental.

¶ 15 The double jeopardy clause prohibits multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 497–98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). A conviction is considered punishment and therefore double jeopardy does not permit convictions of multiple counts for a single offense. *Ball*, 470 U.S. at 861–62, 105 S.Ct. 1668; *State v. McPherson*, 228 Ariz. 557, 561, ¶ 10, 269 P.3d 1181, 1185 (App.2012).

¶ 16 Generally, in this context, we determine whether conviction under multiple counts for a single victim violates double jeopardy under the *Blockburger* statutory elements test:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. 180. As such, because the predicate offense for Williams' felony murder conviction was different than the basis for his second-degree murder conviction, a strict reading of *Blockburger* would seem to indicate that convictions of both crimes for the same harm—the death of one victim—would not violate double jeopardy.[6]

¶ 17 While we generally apply the *Blockburger* statutory elements test for double jeopardy with multiple convictions, that is not the case when dealing with the various degrees and theories of murder. With those crimes, each statute setting forth elements for first-degree premeditated murder and felony murder are different theories for convicting a person of the same type of crime—the unlawful taking of life of another. *See State v. Tucker*, 205 Ariz. 157, 167, ¶ 50, 68 P.3d 110, 120 (2003); *State v. Arnett*, 158 Ariz. 15, 19–20, 760 P.2d 1064, 1068–69 (1968). The same is true as to those two crimes and second-degree murder. *See State v. Schantz*, 98 Ariz. 200, 205–06, 403 P.2d

521, 524–25 (1965). This is true even though first-degree felony murder and first-degree premeditated murder have different elements and therefore under a strict reading of *Blockburger*, multiple convictions of such crimes for one murder would not violate double jeopardy. *Tucker*, 205 Ariz. at 167, ¶ 50, 68 P.3d at 120 (noting that first-degree felony murder and first-degree premeditated murder have different elements, but that a conviction for both crimes would violate double jeopardy); *see also Merlina v. Jejna*, 208 Ariz. 1, 4 n. 3, ¶ 12, 90 P.3d 202, 205 n. 3 (App.2004) (noting that double jeopardy prohibits convictions of both greater and lesser-included offenses for same conduct as to same victim).

¶ 18 I see no distinction between application of this test for multiple convictions based upon first-degree felony murder and second-degree murder for the killing of one victim. In each case, the focus or gravamen of the harm is the killing of another person, whether it is premeditated first-degree murder, first-degree felony murder, or second-degree murder. Unlike other types of overlapping crimes, such as armed robbery and assault, where different but similar types of harms are alleged that violate separate statutes with different elements, each type of homicide is simply a different theory to convict the defendant of the same harm—the killing of another person. Simply put, if a defendant cannot be convicted and sentenced for both felony murder and first-degree premeditated murder for killing one person, a defendant should not be convicted and sentenced for felony murder and second-degree murder for killing one person. As have the majority of other jurisdictions, I would hold that double jeopardy principles preclude more than one conviction of one defendant for multiple theories of the same crime of homicide involving the killing of one victim. *See Ervin*, 991 S.W.2d at 807–11 (collecting cases).[7]

---

6. Williams' felony murder conviction arose from the "unlawful flight from a pursuing law enforcement vehicle under [A.R.S. § ] 28–622.01." A.R.S. § 13–1105(A)(2) (2010). His second-degree murder conviction arose from "circumstances manifesting extreme indifference to human life ... recklessly engag[ing] in conduct that

creates a grave risk of death and thereby causes the death of another person." A.R.S. § 13–1104(A)(3) (2010).

7. My conclusion is also consistent with the principle that "the jury may not be instructed on a lesser degree of murder where the evidence indi-

¶ 19 In reaching this result, I find further support by the fact that the vast majority of other jurisdictions have further refined the *Blockburger* test to prohibit multiple convictions of varying types of murder for the death of one person. Those courts hold, under a variety of theories, that even when there are different elements to the two charges, "a trial court cannot impose multiple convictions and sentences for variations of murder where only one person was killed." *Ervin,* 991 S.W.2d at 807; *see, e.g., United States v. James,* 556 F.3d 1062, 1067–68 (9th Cir.2009) (remanding a second-degree murder conviction for vacation in light of a concurrent felony murder conviction when there was only one victim); *Gray,* 463 P.2d at 911 ("We believe that only one conviction of murder should be allowed for the killing of one man."); *People v. Lowe,* 660 P.2d 1261, 1270–71 (Colo.1983) ("vacating two convictions of first-degree murder when there was one victim and stating [o]nly one conviction of murder is permitted for the killing of one victim.");), *abrogated on other grounds by Callis v. People,* 692 P.2d 1045 (Colo.1984); *Martinez Chavez,* 534 N.E.2d at 739 (vacating a murder charge when there was one victim and convictions for both felony murder and murder); *Pressley v. State,* 235 Ga. 341, 219 S.E.2d 418, 418 (1975) (vacating a sentence for felony murder and affirming a conviction for malice murder where there was one victim).

¶ 20 To avoid this result, the State argues that the *Blockburger* test is merely a question of statutory interpretation to determine whether a legislature intended to punish the same conduct by two separate statutes. Given that premise, the State contends that A.R.S. § 13–116, which permits such punishments provided the sentences are concurrent, shows that the Arizona Legislature intended to allow such double convictions.[8] I disagree with the State because its argument misreads *Blockburger* and its progeny and would result in inconsistencies of logic in our case law.

¶ 21 First, while some of the language in *Blockburger* has been used to state that the *Blockburger* test is merely one to determine if a legislature intended to permit separate convictions for the same conduct, we have repeatedly held that such a search for legislative intent is appropriate only when the double jeopardy issue is focused on consecutive sentences, not multiple convictions or prosecutions. *Lemke v. Rayes,* 213 Ariz. 232, 239 n. 3, ¶ 18, 141 P.3d 407, 414 n. 3 (App. 2006); *Siddle,* 202 Ariz. at 516, ¶ 9, 47 P.3d at 1154. This is consistent with the Supreme Court's interpretation of *Blockburger. Hunter,* 459 U.S. at 367, 103 S.Ct. 673. Any other reading of *Blockburger* would relegate the constitutionally-based double jeopardy prohibition to being trumped by any legislature which showed intent to permit consecutive sentences for the same crime as to the same victim.[9] Of course, we are not concerned with consecutive sentences because the superior court sentenced Williams to concurrent terms of imprisonment on the felony murder and second-degree murder counts.

¶ 22 Second, the State's argument overlooks that our supreme court has recognized

cates [the murder] was committed in the perpetration or attempted perpetration of any of the activities enumerated in the first-degree murder statute." *State v. Martinez–Villareal,* 145 Ariz. 441, 447, 702 P.2d 670, 676 (1985) (quoting *State v. Greenawalt,* 128 Ariz. 150, 168, 624 P.2d 828, 846 (1981)) (holding that as the jury had to find that the defendant committed a felony to find him guilty under the felony murder statute, there could be no lesser-included offense of second-degree murder). It follows that if a defendant could not be convicted of a lesser-included offense of second-degree murder when charged with felony murder, then the defendant should not be permitted to be convicted of both felony murder and second-degree murder based upon the same act or crime.

8. Section 13–116 provides "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."

9. For example, under the State's theory, if the legislature wanted to amend A.R.S. § 13–116 and permit consecutive sentences for the same conduct against the same victim if the conduct violated two separate statutes, it could do so. This would include concurrent sentences for both first-degree premeditated murder and a lesser-included second-degree murder count, which is clearly prohibited. *See supra* ¶ 17. The result would be to nullify the constitutional clauses against double jeopardy as applied to multiple prosecutions and convictions.

that there are different tests and analytical approaches to double jeopardy in general, and to the application of A.R.S. § 13–116. *E.g., State v. Anderson,* 210 Ariz. 327, 357–58, ¶¶ 138–40, 111 P.3d 369, 399–400 (2005); *State v. Gordon,* 161 Ariz. 308, 313 n. 5, 778 P.2d 1204, 1209 n. 5 (1989). Thus, in determining double jeopardy in general, we apply the *Blockburger* same elements test, looking at the elements of the statutes, not the conduct involved. *Anderson,* 210 Ariz. at 357, ¶¶ 138–39, 111 P.3d at 399; *Gordon,* 161 Ariz. at 313 n. 5, 778 P.2d at 1209 n. 5. In contrast, for purposes of determining if the legislature intended to permit consecutive sentences for the same conduct in violation of different statutes, we apply a more complex test looking at the specific conduct involved, not the statutory elements of the two crimes. *Anderson,* 210 Ariz. at 357–58, ¶ 140, 111 P.3d at 399–400; *Gordon,* 161 Ariz. at 313 n. 5, 778 P.2d at 1209 n. 5. If we were to apply the test for permissible consecutive sentences under A.R.S. § 13–116 to double jeopardy issues not involving consecutive sentences, we would be confusing the analytical framework for analyzing double jeopardy principles.

¶ 23 Moreover, applying A.R.S. § 13–116 to concurrent sentences would result in illogical results. As noted above, it is a violation of double jeopardy to convict a defendant of both a greater and lesser-included offense. Thus, while the State can submit alternative theories of first-degree premeditated murder and second-degree murder as to the same victim to the jury, if the jury found the defendant guilty on both theories, double jeopardy requires the court to vacate the conviction for the lesser-included offense. *Merlina,* 208 Ariz. at 4 n. 3, ¶ 12, 90 P.3d at 205 n. 3. However, under the State's theory, A.R.S. § 13–116 would permit such double

convictions as to the same conduct for the same victim, provided the sentences were concurrent. That we cannot do. *Canion,* 199 Ariz. at 233, ¶ 22, 16 P.3d at 794; *see also State v. Jones,* 185 Ariz. 403, 407, 916 P.2d 1119, 1123 (App.1995) (vacating the lesser of two kidnapping sentences).

¶ 24 The State was free to charge Williams with two alternatives for killing the victim in this case—both felony murder and second-degree murder. The court could then instruct the jury on both theories as alternatives. However, even if it was not so instructed, once the jury found Williams guilty of both offenses as to one victim, the court should have vacated the second-degree murder conviction and sentence as it was the "lesser" of the two sentences. *See Canion,* 199 Ariz. at 232, ¶ 20, 16 P.3d at 793; *State v. Kamai,* 184 Ariz. 620, 623, 911 P.2d 626, 629 (App.1995) (noting that when a defendant is charged with first-degree premeditated murder, the court may give instructions that second-degree murder is a lesser-included offense); *Jones,* 185 Ariz. at 407, 916 P.2d at 1123 (holding that remedy for an inappropriate conviction on two counts based on a single definite act is to vacate the lesser conviction).

¶ 25 For the foregoing reasons and for the reasons stated by the majority, I concur we should vacate Williams' conviction and sentence for Count 2, second-degree murder, and affirm all other convictions and sentences.