NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellant*,

*v.*

JOSHUA BRANDEN LANGSTON,
*Appellee*.

No. 1 CA-CR 15-0258
FILED 4-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-003561-001
The Honorable Jose S. Padilla, Judge

**REVERSED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Jamaar A. Williams, Tennie B. Martin
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop joined.  Judge Donn Kessler specially concurred.

S W A N N, Judge:

¶1         Defendant Joshua Branden Langston pled guilty to dangerous drive-by shooting.  Years later, the shooting victim died and the state charged Defendant with dangerous second degree murder.  The superior court dismissed the murder prosecution as barred by double jeopardy.  We reverse and remand.  Under the *Blockburger* test, the successive charges describe different offenses and do not implicate double jeopardy.  Further, even if the charges did describe the same offense, the murder prosecution would not be barred because that offense could not have existed until the victim died.

## FACTS AND PROCEDURAL HISTORY

¶2         Defendant pled guilty in 2007 to one count of dangerous drive-by shooting, arising from a 2006 incident where he fired a gun at E.W.'s vehicle and caused her to sustain a gunshot wound.  The court accepted Defendant's plea, adjudged him guilty of dangerous drive-by shooting, dismissed a companion aggravated assault charge, and sentenced him to a seven-year prison term.

¶3         In 2012, while Defendant was serving his prison sentence, E.W. died.  A medical examiner concluded that E.W.'s death was caused by complications from the 2006 gunshot wound; accordingly, the state charged Defendant with dangerous second degree murder.

¶4         Defendant moved to dismiss the murder indictment under A.R.S. § 13-116.  The court granted dismissal with prejudice, concluding that the prosecution was barred by double jeopardy because both the drive-by shooting indictment and the second degree murder indictment described the discharge of a handgun and the infliction of serious physical injury upon E.W.

¶5         The state appeals.

**DISCUSSION**

**¶6**      The state contends that dismissal was not warranted under double jeopardy principles or A.R.S. § 13-116. These are questions of law that that we review de novo. *State v. Ortega*, 202 Ariz. 320, 323, ¶ 8 (App. 2008).

**¶7**      The double jeopardy clauses of the federal and Arizona constitutions (U.S. Const. amend. V and Ariz. Const. art. II, § 10) protect criminal defendants from successive prosecutions and punishments for the same offense. *State v. Sherrill*, 168 Ariz. 469, 474 (1991). The analysis is the same under both the federal and the state provisions. *State v. Eagle*, 196 Ariz. 188, 190, ¶ 5 (2000).

**¶8**      The double jeopardy bar applies when "the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test . . . sometimes referred to as the '*Blockburger*' test." *United States v. Dixon*, 509 U.S. 688, 696 (1993). Under the *Blockburger* test, two offenses are the same offense unless "each offense contains an element not contained in the other." *Id.* The test is purely element-based -- it involves no inquiry into whether the offenses are predicated on the same conduct. *See id.* at 704, 711 (overruling "same-conduct" test established by *Grady v. Corbin*, 495 U.S. 508 (1990)); *see also Ortega*, 202 Ariz. at 325, ¶ 14. "[W]e analyze the elements of the offenses, not the facts of the case," *State v. Price*, 218 Ariz. 311, 313, ¶ 5 (App. 2008), and are "prohibit[ed from] consider[ing] . . . the underlying facts or conduct," *Ortega*, 202 Ariz. at 325, ¶ 14. We may "consider[ ] . . . the offense as it has been charged in determining the elements of an offense and whether two offenses are the same." *Id.* But alleged sentence enhancers do not constitute offense elements. *See State v. Olsen*, 157 Ariz. 603, 607 (App. 1988).

**¶9**      Defendant was convicted of drive-by shooting under A.R.S. § 13-1209, and charged with second degree murder under A.R.S. § 13-1104.[1] Section 13-1209 provides that "[a] person commits drive by shooting by intentionally discharging a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure." Section 13-1104 provides that "[a] person commits second degree murder if without premeditation . . . [he] intentionally causes the death of another

---

[1]      Contrary to Defendant's contention, the aggravated assault charge dismissed in the initial prosecution has no bearing on the double-jeopardy analysis. Jeopardy does not attach to a dismissal pursuant to a plea agreement. *Lewis v. Warner*, 166 Ariz. 354, 356-57 (App. 1990).

person . . . or . . . [k]nowing that [his] conduct will cause death or serious physical injury, [he] causes the death of another person . . . or . . . [u]nder circumstances manifesting extreme indifference to human life, [he] recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person." These statutes do not describe the same offense under the *Blockburger* test. For example, drive-by shooting requires proof that the defendant intentionally discharged a weapon, but second degree murder does not. And conversely, second degree murder requires proof that the defendant caused the death of another person, but drive-by shooting does not. And because the *Blockburger* comparison is limited to the elements of the offenses and not the manner in which they were committed, Defendant's drive-by shooting conviction cannot bar his prosecution for second degree murder. Further, even if drive-by shooting and second degree murder *did* constitute the same offense under *Blockburger*, double jeopardy still would not bar the murder prosecution -- a victim's post-trial death creates a new offense. *See State v. Wilson*, 85 Ariz. 213 (1959).

¶10　　　　Further, the prosecution is not precluded by A.R.S. § 13-116, which provides:

> An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the Constitution of the United States or of this state require.

Though the second sentence of the statute describes a conduct-based analysis, it applies only to the extent of the double jeopardy clauses. *Hernandez v. Superior Court (State)*, 179 Ariz. 515, 522 (App. 1994). And because double jeopardy does not bar Defendant's prosecution, neither does the statute.

## CONCLUSION

¶11　　　　We reverse the superior court's order dismissing the prosecution and remand for further proceedings.

KESSLER, J., specially concurring:

**¶12**         I concur with the majority on its analysis of the double jeopardy clauses of both the United States and Arizona constitutions.  In addition, I concur with the result on the effect of A.R.S. § 13-116 for the reasons I stated in my concurrence in *State v. Williams*, 232 Ariz. 158, 164, ¶¶ 22-23 (App. 2013).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama