484 P.2d 1060

**STATE of Arizona, Appellee,**
v.
**Barbara SCHWARTZ, Appellant.**
**No. I CA–CR 285.**

Court of Appeals of Arizona,
Division 1,
Department B.
May 17, 1971.

Rehearing Denied June 16, 1971.

**532**

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

Defendant, Barbara Schwartz, was convicted by a jury on two felony counts: Count I, grand theft; and Count II, drawing a check on no account. She was thereafter sentenced to a prison term of not less than five nor more than eight years on the grand theft count, and not less than four nor more than five years on the check count. The sentences were ordered to run concurrently.

On appeal from these convictions and sentences defendant raises questions concerning: (1) the sufficiency of the grand theft count of the information; (2) whether under the fact situation developed by the evidence, her conviction and sentencing under both Counts I and II constituted double punishment prohibited by A.R.S. § 13–1641; and (3) whether the trial court erred in not compelling the state to elect between the two counts before submitting the case to the jury.

The relevant facts are as follows. On February 3, 1968, defendant entered the premises of Don Sanderson Ford of Glendale, Arizona, for the ostensible purpose of purchasing a car on credit. There, after identifying herself to a salesman as Barbara A. Watts, she knowingly misrepresented facts concerning her employment, bank account, and general credit in a credit application prepared by the salesman at her direction, which defendant then signed using the name of Barbara A. Watts. Testimony at trial clearly indicated that this credit application, standing alone, would have been insufficient to secure the approval of the credit sale. Essential to such approval was a check drawn on the Maryvale Branch of the First National Bank in the amount of $401.00 which defendant issued to Don Sanderson Ford as a down payment for the car. After the credit sale had been approved and the car delivered to defendant, the First National Bank refused payment on the check. The bank's records reflected no account either in the name of Barbara A. Watts or Barbara Schwartz. Subsequent investigation disclosed the aforementioned misrepresentations contained in the credit application.

Considering first defendant's contention concerning the sufficiency of Count I of the information, after preliminary formal language, the information reads as follows:

" * * * Count I, GRAND THEFT; COUNT II, DRAWING CHECKS ON NO ACCOUNT, BOTH FELONIES, committed as follows, to-wit:

"The said BARBARA JEAN SCHWARTZ, on or about the 3rd day of February, 1968, and before the filing of this information at and in the County of Maricopa, State of Arizona, stole from Don Sanderson Ford a 1964 Ford four door, Arizona License #HHS 869, Serial #4J64X 112766, all in violation of A.R.S. Sec. 13–1661, and 13–671, as amended 1967, and Sec. 13–663, as amended 1963.

"For a further and separate cause of action, being a different offense from, *but connected in its commission with the charge set forth in COUNT I hereof*, the said BARBARA JEAN SCHWARTZ is accused by this information of the crime of COUNT II,

DRAWING CHECKS ON NO AC-COUNT, A FELONY, committed as follows, to-wit:

"COUNT II:

"The said BARBARA JEAN SCHWARTZ, on or about the 3rd day of February, 1968, and before the filing of this information at and in the County of Maricopa, State of Arizona, with intent to defraud, made, drew, uttered or delivered to Tony Zody a check or draft in the amount of $401 on the First National Bank of Arizona, Maryvale Branch, knowing that she or her principal did not have an account or credit with such bank to meet the check or draft in full upon presentation, all in violation of A.R.S. Sec. 13–316, as amended 1966: contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona." (Emphasis supplied).

■ Defendant's specific complaint is that Count I of the information is unclear on its face as to whether appellant was being charged with (1) a taking by stealing without the consent of the rightful owner; (2) finding lost property with a clue to the ownership and failing to return it; (3) obtaining property by false pretenses; or (4) causing another to report falsely of his wealth with intent to defraud. This lack of clarity is alleged to result from the fact that the statute referred to in the information, A.R.S. § 13–661, does not describe only one type of theft, but rather includes in its several subparagraphs the various ways of committing theft listed above.

■ Defendant's contention that she was unable to determine from the information the specific "theft" offense with which she was charged cannot be sustained. First, the information itself specifically states that the grand theft charge was "connected in its commission" with Count II, which charged the uttering of a no account check "with intent to defraud".

Therefore, from the face of the information it was obvious that Count I referred to theft by false pretenses. Second, the information was filed after a preliminary hearing attended by defendant at which evidence was introduced as to the exact nature of both charges against her. Under these circumstances, this Court is not so credulous as to believe that defendant was not fully aware of the exact nature of the charges against her and fully able to prepare and present any defense which she had. It is settled in Arizona that an information may validly charge a crime merely by referring to the statute creating the offense, and that a defendant, requiring more information, should move for a bill of particulars to obtain the same. Rules 115 and 116, Rules of Criminal Procedure, 17 A.R.S.; State v. Martin, 105 Ariz. 265, 463 P.2d 63 (1969); State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968). Here, no such motion was made, nor was any motion for a continuance made at any stage of the trial. We do not find merit in defendant's contentions concerning the sufficiency of the information.

■ Defendant next contends that her conviction and sentencing on both the grand theft and the check charges, when there was but one transaction involved, subjected her to double punishment in violation of A.R.S. § 13–1641, which provides as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

We agree. A multitude of offenses having separate components and different elements can be committed in a single criminal transaction, and our criminal code provides punishment for each divisible offense so committed. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960). However, A.R.S. § 13–1641 protects an offender against

**534**

double punishment under separate criminal code provisions when all or a part of the same factual elements comprising the criminal transaction are common to the alleged separate criminal code violations. State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971); State v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970); State v. French, 104 Ariz. 359, 453 P.2d 505 (1969); State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965). Our Supreme Court in Mitchell has furnished a concise practical guide which is helpful in applying A.R.S. § 13–1641:

> "The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge."

State v. Mitchell, supra, 106 Ariz. at 495, 478 P.2d at 520 (1970). Applying this test, it is strikingly clear that under the fact situation before the trial court the gravamen of each offense was the defendant's utterance of the "no account" check. Testimony at trial makes it clear that the crime of grand theft by false or fraudulent representation or pretense could never have been committed but for the utterance of the "no account" check. A prosecution witness, Marshall E. Zody, testified as follows:

> "Q And if there had not been a check delivered that day, would you have delivered the car?
>
> "A I would not have delivered the car without the check.
>
> "Q So the check became a vital part of the transaction; is that right?
>
> "A Part of it, yes, sir." (Emphasis supplied).

While there is additional testimony that the credit application was as essential as the check in securing delivery of the car, the record is uncontradicted that delivery of the car would not have been made but for the check. Hence, the issuance of the "no account" check was an indispensable common element of each of the offenses, and accordingly defendant's conviction for both offenses subjected her to double punishment.

■ For this reason the judgment of conviction and sentence on the lesser count, Count II, must be reversed and vacated. State v. Boodry, 96 Ariz. 259, 394 P.2d 196 (1964); State v. Arce, supra; State v. Mitchell, supra. However, defendant, relying upon State v. Hunt, 2 Ariz.App. 6, 406 P.2d 208 (1965), contends that it was prejudicial error to submit both of these charges to the jury, and that inasmuch as defendant properly objected prior to submission to the jury, both must be reversed. We are aware that in a fact situation similar to that involved in Hunt where the same totality of proof is relied upon by the state to support charges of three separate crimes, each of which has the same proof requirements, there might be some cumulative prejudicial effect in submitting all three charges to the jury. In Hunt the court emphasized that each of the separate crimes referred to the same conduct charged to the defendant and stated the crime in different ways. The fact situation involving the the defendant here, is not analogous to Hunt. The totality of proof required for conviction on the "no account" check charge was not the same and in fact was less than that required for conviction on the grand theft charge. Under such circumstances there can be no requirement that the state elect which charge to submit to the jury. It was properly left to the jury to decide whether the facts supported the lesser charge only, or also the greater charge. Of course, once the jury determined by its verdicts that the facts supported both charges, then A.R.S. § 13–1641 became applicable preventing double punishment.

In summary we find no error in the trial court's submission of both counts to the jury.

It is therefore ordered that upon the issuance of the mandate herein, the judgment of conviction on Count II and the

sentence imposed upon defendant in relation thereto shall be reversed and vacated. No further action is required by the trial court. The conviction and sentence on Count I are hereby affirmed.

JACOBSON, P. J., and EUBANK, J., concur.