522 P.2d 560

**STATE of Arizona, Appellee,**

v.

**Jerry A. FISHER, Appellant.**

**No. 1 CA–CR 616.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 23, 1974.

Rehearing Denied July 17, 1974.

Review Denied Sept. 17, 1974.

Gary K. Nelson, Atty. Gen., by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

This is an appeal from final judgment of conviction for violation of A.R.S. § 13–318, as amended 1969, entered against appellant on May 18, 1973, and the revocation of probation order entered on June 8, 1973. Appellant is hereinafter referred to as defendant.

Defendant first argues that the trial court's denial of his directed verdict motion was erroneous because the evidence presented had not supported the allegation contained in the information and that the crime alleged in the information was not a violation of A.R.S. § 13–318 as amended. Rule 115, Rules of Criminal Procedure, 17 A.R.S. (the rule effective at the time of the information), states:

> "A.  The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:
>
> "1.  By using the name given to the offense by the common law or by a statute.
>
> "2.  By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

It is our opinion that under Rule 115 the information properly alleges a crime. The statute number is specifically mentioned in the information. In addition, the information states:

> ". . . the defendant . . . did . . . feloniously obtain by fraud food and lodging having the value of $214.42 from Duncan's Oak Hill's Hotel & Cafe, Mayer, Arizona."

As said by Judge Haire in State v. Schwartz, 14 Ariz.App. 531, 484 P.2d 1060 (1970):

> ". . . It is settled in Arizona that an information may validly charge a crime merely by referring to the statute creating the offense, and that a defendant, requiring more information, should move for a bill of particulars to obtain the same. . . ." 14 Ariz.App. at 533, 484 P.2d at 1062.

No such motion was made in the instant case. The offense is set forth so as "to enable a person of common understanding to know what is intended." State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968). Thus the variance between the information which alleged a violation of A.R.S. § 13–318 by stating that defendant obtained food and lodging with intent to defraud the proprietor (one method to show a violation of the statute) and the evidence elicited which indicated that defendant had violated the statute by obtaining credit for food and lodging and then absconding is neither prejudicial nor grounds for acquittal. Rule 145(B), Arizona Rules of Criminal Procedure, 17 A.R.S., provided:

> "No variance between the allegations of an indictment, information or bill of particulars, which state the particulars of the offense charged, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. . . ."

In addition, our reading of the information indicates that it was couched in terms broad enough to indicate to the defendant that he was being charged with a violation of the statute. It is not fatal that it did not particularize by which one of the three methods the infraction did occur. Accordingly, we find no error in the denial of the

motion for directed verdict and affirm the judgment of conviction.

 The second issue raised by defendant is whether there is sufficient evidence to support the court's order to revoke probation and impose a sentence. The civil standard of proof by a preponderance of the evidence is all that is required to revoke probation. State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973). The condition of probation which defendant allegedly violated was that he be a law-abiding citizen.

The testimony presented at the hearing on revocation of probation indicated an arrest only for public drunkenness. That statute, A.R.S. § 13–379, as amended 1971, provides:

> "Any person in a public place under the influence of alcohol, toxic vapors, poisons, narcotics or other drug not therapeutically administered, where it reasonably appears that he may endanger himself or other persons or property, is guilty of a misdemeanor."

No evidence was presented that the defendant was convicted of said offense or that it reasonably appeared that "he may endanger himself or other persons or property" while in the state of intoxication. Although it is recognized that the court's order to revoke probation need only be supported by sufficient evidence to sustain a finding that a condition of probation had been violated, State v. Pietsch, supra, the transcript of the revocation hearing based on public drunkenness reveals no consideration whatsoever as to whether defendant was a danger to himself, to others, or to property.

 Appellee urges a sufficiency of evidence to show a violation of the condition of probation, i. e., that defendant must conduct himself as a law-abiding citizen. Although evidence existed as to the defendant being publicly intoxicated, no evidence was presented to support the conclusion that he was endangering himself, others, or property. At that time being drunk was not a violation of law in Arizona unless the endangerment aspect was present.[1] The condition of defendant's probation was that he be a law-abiding citizen and not that he refrain from alcoholic beverages. Therefore, the evidence presented did not show a violation of the terms of his probation because he did not violate the terms of A.R.S. § 13–379, as amended 1971.

We find the revocation of appellant's probation not supported by the evidence.

The judgment of conviction is affirmed and the revocation of probation is reversed.

OGG and STEVENS, JJ., concur.

---

1. It is to be noted that by Law 1972, Ch. 162, § 1, the Legislature again amended A.R.S. § 13–379 by deleting the words "under the influence of alcohol", so that effective Jan. 1, 1974, A.R.S. § 13–379 reads:

"Any person in a public place under the influence of toxic vapors, poisons, narcotics or other drug not therapeutically administered, where it reasonably appears that he may endanger himself or other persons or property, is guilty of a misdemeanor."