90 P.3d 202

Demi–Jon MERLINA, Petitioner–
Appellant,

v.

The Honorable Orest JEJNA, Scottsdale
City Court Judge, Respondent–
Appellee,

and

Scottsdale City Prosecutor's Office, Real
Party in Interest–Appellee.

No. 1 CA–CV 03–0535.

Court of Appeals of Arizona,
Division 1, Department E.

May 18, 2004.

Review Denied October 26, 2004.

**2**

Neal W. Bassett, Natalee Segal, Phoenix, Attorneys for Petitioner–Appellant.

C. Brad Woodford, Scottsdale City Attorney By Ken Flint, Assistant City Prosecutor, Scottsdale, Attorneys for Respondents–Appellees.

## OPINION

LANKFORD, Judge.

¶1 Demi–Jon Merlina appeals from the superior court's judgment denying special action relief. Merlina was charged in city court with three DUI offenses. He argued in the superior court that the charges were multiplicitous, prejudicial and violative of Rule 13.2, Arizona Rules of Criminal Procedure. For the following reasons, we affirm the court's denial of relief.

¶2 The pertinent facts are as follows. Merlina was charged with DUI having a BAC of .15 or greater in violation of Arizona Revised Statutes ("A.R.S.") section 28–1382 (Supp.2003); DUI having a BAC of .08 or greater in violation of A.R.S. § 28–1381(A)(2) (Supp.2003); and DUI while impaired to the slightest degree in violation of A.R.S. § 28–1381(A)(1). Merlina moved to dismiss the .08 charge, arguing that it was a lesser-included offense of the .15 charge and that to charge both violated double jeopardy and Rule 13.2, Arizona Rules of Criminal Procedure. He also asserts charging both was prejudicial.

¶3 The city court agreed and directed the State to "elect" which of the two charges to bring. The State moved for reconsideration, conceding that the .08 charge was a lesser-included offense of the .15 charge, but arguing that charging both was permissible. After oral argument, the court reversed its prior ruling and stayed further proceedings to allow Merlina to seek special action relief in superior court.

¶4 In the special action, Merlina argued that charging both the lesser and greater offenses was multiplicitous and therefore improper. However, Merlina conceded that charging the greater and lesser offenses was not a double jeopardy violation. The superior court accepted jurisdiction and denied relief. The court stated:

The only issue presented is whether the actions of the Scottsdale City Prosecutor in charging Petitioner with the crime of Extreme DUI [in violation of A.R.S. Section 28–1382] and its lesser included offense of Driving with a Blood Alcohol Content in

Excess of .08 [in violation of A.R.S. Section 28–1381(A)(2) ] violate Petitioner's protection against double jeopardy?

This Court finds that the "per se DUI" offense of Driving with a Blood Alcohol Content Greater than .08 [in violation of A.R.S. Section 28–1381(A)(2) ] is the lesser included offense of Extreme DUI [in violation of A.R.S. Section 28–1382]. This Court concludes that the charges are multiplicitous and that conviction of Extreme DUI would necessarily be a conviction of the per se DUI charge. Therefore, a conviction of both charges could not stand. However, the multiplicitous nature of these charges does not preclude or prevent the State from charging these crimes. It is the *conviction* of both of these multiplicitous crimes which would violate principles against double jeopardy.

¶ 5 Merlina timely appealed. On appeal, Merlina challenges the court's implicit denial of his arguments that explicitly charging both the greater and lesser offenses violates Rule 13.2, Arizona Rules of Criminal Procedure, and that such charging is multiplicitous and prejudicial.[1] We have jurisdiction pursuant to A.R.S. § 12–2101(B)(2003).

¶ 6 We review a special action in which the superior court accepts jurisdiction but denies relief for an abuse of discretion. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App.2001). A court does so if it errs on the law or the record lacks substantial support for its decision. *Id.* We review the superior court's legal conclusions de novo. *Norgord v. State ex rel. Berning*, 201 Ariz. 228, 230, ¶ 4, 33 P.3d 1166, 1168 (App.2001).

¶ 7 The interpretation of a court rule is a question of law, which we review de novo. *Greenwald v. Ford Motor Co.*, 196 Ariz. 123, 124, ¶ 4, 993 P.2d 1087, 1088 (App. 1999). We apply the same rules of construction as for a statute. *Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161,

164 (1991). The primary purpose is to give effect to the intent of the rule, and to that end we may look at the rule's context, language, effects, spirit, and purpose. *Id.*

¶ 8 Merlina first argues that Rule 13.2, Arizona Rules of Criminal Procedure, and its accompanying comment precludes the prosecution from charging both the lesser-included and greater offenses. Rule 13.2 states:

> c. **Notice of Necessarily Included Offenses.** Specification of an offense in an indictment, information, or complaint shall constitute a charge of that offense and of all offenses necessarily included therein.

Ariz. R.Crim. P. 13.2(c).

¶ 9 Merlina contends that because the comment to the rule requires the prosecutor "to specify only the most serious degree" of the offense, the prosecutor is precluded from also charging lesser-included offenses together. This misreads the rule. The rule is permissive, not prohibitive. It allows the State to charge only the greater offense and relieves the State of any obligation to expressly charge the lesser. The comment notes that "[t]his provision is intended as a solution to the ambiguities caused by 'open' charges— *i.e.*, charges which do not specify the degree of a crime charged—by requiring the prosecutor to specify only the most serious degree, and automatically including all necessarily included offenses within the charge." Ariz. R.Crim. P. 13.2(c) cmt.

¶ 10 The rule neither expressly nor impliedly forbids charging a lesser-included offense. Its apparent purpose, to provide notice to a defendant that all lesser-included offenses are also charged when only the greater offense is charged, is not furthered by Defendant's interpretation. Accordingly, Rule 13.2(c) did not require dismissal of one of the charges.

---

1. On appeal, the State agrees that the .08 DUI offense is a lesser-included offense of extreme DUI. We concur. A lesser-included offense is an offense "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State*

*v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). The two offenses have identical elements except for the specified BAC level. No defendant could commit extreme DUI, with a specified BAC level of .15, without also committing *per se* DUI, with a specified BAC level of .08.

**4**

¶ 11 Merlina next argues that expressly charging both the .08 charge and the .15 charge constitutes multiplicitous charging. Such charges are "defective," "illegal" and prejudicial, he contends.[2]

¶ 12 These charges are multiplicitous. Charges are multiplicitous if they charge a single offense in multiple counts. *State v. Barber*, 133 Ariz. 572, 576, 653 P.2d 29, 33 (App.1982) *approved by* 133 Ariz. 549, 653 P.2d 6 (1982). Multiplicitous charges raise the potential that a defendant may be subjected to double punishment. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App.2001) *approved by* 200 Ariz. 363, 26 P.3d 1134 (2001). We determine multiplicity by applying the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Offenses are not the same, and therefore not multiplicitous, if each requires proof of a fact that the other does not. *Barber*, 133 Ariz. at 576, 653 P.2d at 33 (citing *Blockburger*). Extreme DUI requires proof of a BAC level that *per se* DUI does not require. However, *per se* DUI does not require proof of any fact that extreme DUI does not also require. Charging both offenses is therefore multiplicitous.[3]

¶ 13 Multiplicitous charges are not necessarily fatally flawed, however. A multiplicitous charge has been described as "defective," *see id.* (*dictum;* holding that charges were not multiplicitous). However, Merlina offers no support for the assertion that such a charge is illegal, and we have found none.

¶ 14 Multiplicitous charges do not subject a defendant to double punishment so long as multiple punishments are not imposed.[4] Therefore, the charges do not violate double jeopardy, as Merlina concedes. *See Ohio v. Johnson*, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("[T]he State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial.").

¶ 15 Moreover, lesser-included and greater offenses may both be submitted to the jury under Rule 13.2. Merlina agrees that, even if the court were to dismiss the express charge for .08 DUI, the State would still be entitled to a jury instruction on the offense. We therefore reject Merlina's contention that expressly charging both greater and lesser-included offenses requires dismissal.

¶ 16 Merlina next argues that formally charging lesser-included as well as greater offenses is unfairly prejudicial to defendants. He argues that Arizona has recognized this principle, citing *State v. Schwartz:*

> [W]here the same totality of proof is relied upon by the state to support charges of three separate crimes, each of which has the same proof requirements, there might be some cumulative prejudicial effect in submitting all three charges to the jury.

14 Ariz.App. 531, 534, 484 P.2d 1060, 1063 (1971) (citing *State v. Hunt*, 2 Ariz.App. 6, 406 P.2d 208 (1965)). However, *Schwartz* expressly states that this problem is not present when the charges involve different

---

2. The State has moved to strike that portion of Merlina's reply brief that argues that multiplicitous complaints should be corrected before trial rather than after conviction. The State argues that Merlina did not make this argument in his opening brief and cannot raise new arguments in his reply brief. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App.2000) (the court *does not address arguments raised for the first time in the reply brief*). Merlina did adequately raise this issue. He argued in his opening brief that charging both offenses is prejudicial and asserted that the trial court erred by deciding that any problem could be corrected after conviction. The State thereafter challenged Merlina to produce additional authority. Merlina did so in his reply brief. We therefore deny the State's motion to strike.

3. The United States Supreme Court has concluded that lesser-included and greater offenses are the "same" offenses under the *Blockburger* test. *Brown v. Ohio*, 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

4. The principal danger in multiplicity [—] that the defendant will be given multiple sentences for the same offense [—] can be remedied at any time by merging the convictions and permitting only a single sentence. *United States v. Reed*, 639 F.2d 896, 905 n. 6 (2nd Cir.1981)(citing 1 C. Wright and Miller, *Federal Practice and Procedure* § 145 at 336 (1969)). *See State v. Welch*, 198 Ariz. 554, 557, ¶ 13, 12 P.3d 229, 232 (App.2000) (conviction of two offenses, one of which is a lesser included charge, can be corrected by vacating conviction and sentence for the lesser-included offense).

proof. *Id.* In such a case, "there can be no requirement that the State elect which charge to submit to the jury." *Id.* Arizona courts have only recognized prejudice in submitting to a jury separate charges where "each offense contains identical elements, where identical facts are used to support each charge, and where the only difference is in the name or number of the statute under which the charge is made." *State v. Bowie,* 119 Ariz. 336, 340, 580 P.2d 1190, 1194 (1978), citing *Hunt,* 2 Ariz.App. 6, 406 P.2d 208.

¶ 17 The two charges against Merlina neither contain identical elements nor involve identical proof. Extreme DUI requires proof of a BAC level of .15, whereas the lesser charge requires proof of a BAC level of .08. Although the greater cannot be committed without also committing the lesser offense, the totality of proof is not the same. Both charges may be submitted to the jury to decide whether the facts "support[ ] the lesser charge only, or also the greater charge." *Schwartz,* 14 Ariz.App. at 534, 484 P.2d at 1063.

¶ 18 Moreover, any possible prejudice can be prevented by a curative instruction. During oral argument, the State conceded that a defendant would be entitled to a curative instruction immediately upon the clerk of the court reading the indictment. Such an instruction would clarify that a defendant is not charged with multiple separate offenses, such as DUI's committed on separate occasions. Thus, any conceivable prejudice can be alleviated with a curative instruction.

¶ 19 Accordingly, the State is not barred from charging both lesser-included and greater offenses. The superior court did not abuse its discretion in denying relief. We affirm its ruling.

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and PATRICIA K. NORRIS, Judge.