NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DANITA DAWN STEVENS, *Appellant*.

No. 1 CA-CR 14-0642
FILED 12-10-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-109993-001
The Honorable Christine E. Mulleneaux, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christopher M. DeRose
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

¶1        Defendant Danita Dawn Stevens challenges her convictions and sentences for armed robbery and aggravated robbery.  She argues the application of the dangerousness enhancement to both convictions violated double jeopardy.  Finding no error, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        After leaving a late night movie, the victim, D.S., was walking to get something to eat, and ran into a group of what appeared to be five boys.  He tried to keep walking, but was accosted by the group who wanted him to stop and talk.  Although he kept trying to walk past them, they encircled him and prevented him from leaving.  One member of the group, who was later identified as Stevens, took out a knife, held it to D.S.'s throat, and told him they were going to take his money.  D.S. grabbed the knife and punched Stevens.  As the knife cut into his hand, D.S. pulled Stevens to the ground and placed his knee on her chest.  When D.S. fell backwards, the others, at Stevens' command, began kicking D.S. in the head, nose, and face.  They broke his glasses, gave him black eyes, knocked his dentures out of his mouth, ripping at and loosening two teeth, bloodied his nose, and cut the back of his head, which required stitches.

¶3        The police arrived and interrupted the attack.  They caught one person running away, and he threw D.S.'s wallet against a fence.  Stevens was caught with a pocket knife in her hand.  She was subsequently indicted for armed robbery, aggravated robbery and aggravated assault, and convicted on all counts.  At the aggravation hearing, the jury found all three offenses were dangerous offenses beyond a reasonable doubt.  Stevens was subsequently sentenced to concurrent prison terms not

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

exceeding eight and a half years, and was given 119 days of presentence incarceration credit.

## DISCUSSION

**¶4**  On appeal, and citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Stevens argues the armed robbery and aggravated robbery convictions are multiplicitous. She contends that because the jury found the crimes dangerous, the enhancement became an element of each crime and made them identical since both required a finding that a weapon was used.[2]

**¶5**  We review an allegation of multiplicitous charges de novo. *State v. Brown*, 217 Ariz. 617, 620, ¶ 7, 177 P.3d 878, 881 (App. 2008). Because Stevens failed to raise her due process argument in the trial court, we will only review for fundamental prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20, 115 P.3d 601, 607 (2005); *State v. Bolton*, 182 Ariz. 290, 297, 896 P.2d 830, 837 (1995) (waiver principle applies to both constitutional and non-constitutional issues) (citations omitted).

**¶6**  Under the Double Jeopardy Clause of the United States Constitution,[3] a defendant may not face multiple punishments for the same offense. *Brown*, 217 Ariz. at 621, ¶ 13, 177 P.3d at 882 (citation omitted). If a defendant is convicted of multiplicitous charges, his or her double jeopardy rights are violated. *Id.* "Charges are multiplicitous if they charge a single offense in multiple counts." *Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 12, 90 P.3d 202, 205 (App. 2004) (citation omitted). Charges are not multiplicitous, however, if "each requires proof of a fact that the other does not." *Id.*

**¶7**  A person commits robbery "if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with [the] intent

---

[2] Stevens does not challenge her conviction for aggravated assault, and has thus waived the issue on appeal. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). Her opening brief states the aggravating factors used at sentencing were not found by a jury beyond a reasonable doubt. However, the brief does not present any argument or legal authority to support the statement, and, as a result, the issue is waived. *See id.*

[3] Applied to states through the Fourteenth Amendment Due Process Clause. *See Benton v. Maryland*, 395 U.S. 784, 794 (1969).

either to coerce surrender of property or to prevent resistance to such person taking or retaining property." A.R.S. § 13-1902(A). Aggravated robbery occurs if a person committing the robbery "is aided by one or more accomplices actually present." A.R.S. § 13-1903(A). And armed robbery occurs if "[either the robber] or an accomplice: 1. Is armed with a deadly weapon or a simulated deadly weapon; or 2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon." A.R.S. § 13-1904(A).

¶8        Moreover, the State can prove the facts for a conviction for armed robbery beyond a reasonable doubt without proving all the elements for aggravated robbery; namely, by proving that the defendant was armed with a deadly weapon or threatened to use a deadly weapon in the commission of a robbery. A.R.S. § 13-1904(A). Aggravated robbery, on the other hand, does not require the use of a weapon, and to secure a conviction the State need only prove beyond a reasonable doubt that an accomplice was present and aided the defendant in the robbery, even if neither had or wielded a weapon. *See* A.R.S. 13-1903(A). Consequently, armed robbery and aggravated robbery are two separate felonies and are not multiplicitous for charging purposes.

¶9        The fact that the jury found both crimes to be dangerous for sentencing enhancement purposes did not violate double jeopardy. An offense is dangerous if it involves "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another person." A.R.S. § 13-105(13). A sentencing enhancement is distinct from the elements of a crime; an enhancement addresses the mode in which the crime was committed. *See State v. Olsen*, 157 Ariz. 603, 605-06, 760 P.2d 603, 605-06 (App. 1988). In fact, an enhancement is not an element of the charged offense, *see id.* at 606, 760 P.2d at 606, and the United States Supreme Court and Arizona Supreme Court have found that sentence enhancements do not violate double jeopardy, *see State v. Harm*, 236 Ariz. 402, 408, ¶ 23, 340 P.3d 1110, 1116 (App. 2015) (citing *United States v. Watts,* 519 U.S. 148, 154–55 (1997)); *State v. Bly*, 127 Ariz. 370, 371-72, 621 P.2d 279, 280-81 (1980), *superseded by statute,* A.R.S. § 13–702.[4]

---

[4] The *Bly* analysis and deference to the legislature in determining statutory sentencing schemes is still applicable even though A.R.S. § 13-702 (now A.R.S. § 13-701, *see* 2008 Ariz. Sess. Laws, ch. 301, § 23 (2nd Reg. Sess.)) has since been amended. *Harm*, 236 Ariz. at 408 n.5, ¶ 23, 340 P.3d at 1116 n.5.

**¶10**      Citing dictum in *Apprendi*, *Alleyne*, and *Ring* to attempt to overturn *Olsen*, Stevens contends that her convictions for aggravated robbery and armed robbery became multiplicitous when the dangerousness enhancement was applied. We disagree.

**¶11**      The cases Stevens relies on are distinguishable. *Apprendi* did not address whether a sentencing enhancement was an element of the crime charged, but resolved the question of the findings a jury was required to make before a sentencing enhancement could be used for sentencing, and did not address the issue Stevens raises. 530 U.S. at 469. Instead, the Supreme Court held that a jury has to find the elements of the offense and any sentencing enhancement factor beyond a reasonable doubt to protect a defendant's constitutional rights. *Id.* at 490, 500.

**¶12**      In *Ring*, the issue was whether a sentencing judge was permitted to independently find an aggravating circumstance that justified the imposition of the death penalty. 536 U.S. at 588. *Ring* also did not address the issue Stevens raises, and instead held that a capital defendant was entitled to have a jury find any aggravating factors that permitted the application of the death penalty. *Ring*, 536 U.S. at 609.

**¶13**      Moreover, in *Alleyne*, the Supreme Court found that if a jury did not find an enhancement beyond a reasonable doubt, a sentencing judge could not make his own findings and apply the enhancement based on his independent findings. *Alleyne*, 133 S. Ct. at 2151. The statement in the opinion that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt," *see id.* at 2163, *Ring*, 536 U.S. at 604-05, *Apprendi*, 530 U.S. at 495-96, were dicta; the Court did not state that a sentencing enhancement allegation changes, by addition, the basic elements of the offense, and our supreme court has never interpreted *Apprendi* or *Alleyne* in such a manner. Consequently, a sentencing enhancement is not an element of the crime, but has to be determined by a jury, and the finding by the jury, in this case, that both crimes were dangerous does not make the charges multiplicitous or violate double jeopardy. Thus, we find no error.

## CONCLUSION

**¶14**     For the foregoing reasons, we affirm Stevens' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama