NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

BRIAN H., *Appellant*,

*v.*

MACARENA H., I.H., *Appellees*.

No. 1 CA-JV 20-0076
FILED 8-6-2020

Appeal from the Superior Court in Maricopa County
JS519341
The Honorable Lindsey G. Coates, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

**T H U M M A**, Judge:

¶1        Brian H. (Father) challenges the superior court's order terminating his parental rights to his biological child, I.S. Father argues the court failed to make proper findings and erred in finding termination was in the child's best interests. Because Father has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Macarena H. (Mother) were married before I.S. was born in 2009. A few years later, Father and Mother divorced in Arizona and, in 2015, Mother was awarded custody and sole legal decision making of I.S.

¶3        In July 2019, Mother filed a petition to terminate Father's parental rights based on abandonment. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1)(2020).[1] Father, who lives in the Philippines, participated by telephone at several hearings. At a one-day severance adjudication in January 2020, Father failed to appear. Finding he had been properly served and there was no good cause shown for his failure to appear, the court proceeded in his absence. After Mother testified, the court granted her petition to terminate, finding Father failed to "maintain[] a parent child relationship with the child for a period of years, and [provided] inconsistent financial support for the child." The court also found severance was in I.S.' best interests.

¶4        This court has jurisdiction over Father's timely appeal pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1) and -2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103-104.

## DISCUSSION

¶5        Mother did not file an answering brief which could be considered a confession of error. This court, however, will exercise its discretion to address the merits of the issues raised on appeal. *See Gibbons v. Indus. Comm'n*, 197 Ariz. 108, 111 ¶ 8 (App. 1999).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶6**          As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

**¶7**          Father argues the court erred because (1) it did not make specific findings of fact under Arizona Rules of Procedure for Juvenile Court (Rule) 66(F)(2)(a) and (2) the evidence did not support a best interests finding. Father, however, does not dispute that the evidence supported a finding of abandonment.

**¶8**          Father's argument regarding findings involves the interpretation of Rule 66(F)(2)(a), which this court reviews de novo. *Merlina v. Jejna*, 208 Ariz. 1, 3 ¶ 7 (App. 2004). Father failed to raise any issue about the findings with the superior court, which in this court's discretion, can constitute a waiver. *See Aleise v. Dep't of Child Safety*, 245 Ariz. 569, 573 ¶ 13 (App. 2018) (citing cases). Even on the merits, however, Father's argument fails.

**¶9**          Rule 66(F)(2)(a) requires that

> [a]ll findings and orders shall be in the form of a signed order or set forth in a signed minute entry. At the conclusion of the hearing the court shall: . . .

> [m]ake specific findings of fact in support of the termination of parental rights and grant the motion or petition for termination.

In the minute entry following the severance hearing, the court found that:

> A statutory basis for termination exists: . . . the father . . . has abandoned the child and has failed to maintain a normal parental relationship with the child, without just cause, by failing to provide reasonable support, to

maintain regular contact with the child, and/or to provide normal supervision, which constitutes grounds for termination pursuant to A.R.S. 8-533(B)(1).

**¶10** Father summarily asserts that "no specific findings of fact were made in support of [the court's] findings terminating Father's rights." Father, however, provides no authority for why these findings are inadequate. Father concedes that "at the close of evidence the trial court made findings as to the ground of termination as well as to the issue of best interest." Father also does not explain how the findings in the resulting minute entry — which included more detail — were inadequate. Because Father does not meaningfully argue this point, and because the court made sufficient findings at both the severance hearing and in its minute entry, Father's argument fails. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

**¶11** Father also argues there was insufficient evidence to support the best interests finding. This court reviews the best interests finding for an abuse of discretion. *Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 369 ¶ 15 (App. 2018). Once the court finds a statutory ground for termination, the court "can presume that the interests of the parent and child diverge." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 12 (2018) (quoting *Kent K.*, 210 Ariz. at 286 ¶ 35). At that point, the "child's interest in stability and security" are the court's main concern. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4 ¶ 15 (2016) (quoting *Kent K.*, 210 Ariz. at 286 ¶ 34). Termination is in a child's best interests if either the child will benefit from severance or be harmed if the parent-child relationship continues. *See id.* at 4 ¶ 16.

**¶12** Father argues there was no clear plan for Mother's current husband to adopt I.S. and there was no evidence that Father was disrupting I.S.' life. Mother testified that Father had not seen I.S. in person since 2013, had only had intermittent and sporadic contact with I.S., had only sent her four gifts and had not voluntarily paid child support. Mother's testimony also indicates I.S. would benefit from severance. Mother testified that her husband wanted to adopt I.S., and that I.S. "sees [him] as her father and [] family." *See Demetrius L.*, 239 Ariz. at 4-5 ¶ 16 (stating a "child's prospective adoption is a benefit that can support a best-interests finding . . . even in a private severance action"). Although Father argues such adoption plans are too indefinite to constitute a benefit, he cites no authority that requires an adoption be certain, particularly before severance is granted. Because I.S.' "stability and security" are the primary concerns, *id.* at 4 ¶ 15, the record

supports the court's finding that termination of Father's parental rights would benefit I.S.

## CONCLUSION

¶13     The order terminating Father's rights to I.H. is affirmed.

